partment. March 2, 1904.) Action by Madison B. Tripp against David S. Booth. No opinion. Judgment affirmed, with costs.

TRUMAN, Respondent, v. SMITH, Appellant. (Supreme Court, Appellate Division, Second Department. March 4, 1904.) Action by George R. Truman against Philip Smith. No opinion. Judgment of the Municipal Court affirmed, with costs.

TUOHY, Respondent, v. LONG ISLAND R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. January 22, 1904.) Action by Thomas F. Tuohy against the Long Island Railroad Company. No opinion. Motion denied, with $10 costs.

TWELFTH WARD BANK OF CITY OF NEW YORK v. SPIERS et al. (Supreme Court, Appellate Division, First Department. February 5, 1904.) Action by the Twelfth Ward Bank of the City of New York against Joseph Spiers and others. E. Rosenthal, for appellant. J. E. Bullen, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

ULANOFF v. COHEN. (Supreme Court, Appellate Division, First Department. March 11, 1904.) Action by Harris Ulanoff against Barned Cohen. No opinion. Motion denied, with $10 costs.

In re UNION TRUST CO. (Supreme Court, Appellate Division, First Department. March 11, 1904.) In the matter of the Union Trust Company, as substituted trustee of Richard M. Hoe. R. B. Moffat, for appellant. E. B. Whitney and R. E. Deyo, for respondent. No opinion. Decree affirmed, with costs. See 71 N. Y. Supp. 844.

UNITED STATES, to Use of NICHOLS, v. UNION SURETY & GUARANTY CO. et al. (Supreme Court, Appellate Term. February 23, 1904.) Action by the United States of America, to the use and benefit of Adelbert S. Nichols, against the Union Surety & Guaranty Company and others. From a judgment overruling its demurrer to the complaint, defendant company appeals. Affirmed. Van Schaick & Norton (Wilson B. Brice, of counsel), for appellant. Goeller, Schaffer & Eisler (Robert Goeller, of counsel), for respondent.

PER CURIAM. The defendant demurred to plaintiff's complaint on the grounds: (1) That the plaintiff has not legal capacity to sue, because he has not obtained leave of the United States of America to bring this action; (2) that this court has not jurisdiction of the subject of the action; and (3) that the complaint does not state facts sufficient to constitute a cause of action. The questions presented under the first two grounds are fully controlled by the opinion and decision of the Appellate Division of this Department in Alexander, as Trustee, etc., v. Union Surety & Guaranty Co., 89 App. Div. 3, 85 N. Y. Supp. 282, and consequently they must be determined in favor of the plaintiff. That being so, the complaint, as a whole, does state facts sufficient to constitute a cause of action. The judgment appealed from must be affirmed with costs.

In re VAN WYCK et al. (Supreme Court, Appellate Division, First Department. January 22, 1904.) In the matter of Robert A. Van Wyck and others. No opinion. Motion denied.

VAUBEL, Appellant, v. KNOX et al., Respondents. (Supreme Court, Appellate Division, First Department. February 5, 1904.) Action by Gertrude Vaubel against Mary W. Knox and others. C. Dushkind, for appellant. T. B. Chancellor and A. C. Salmon, for respondents. No opinion. Appeal from decision dismissed. Interlocutory judgment affirmed, with costs, with leave to plaintiff to amend complaint, upon payment of costs in this court and in the court below.

VLASTO, Respondent, v. VLASTO, Appellant. (Supreme Court, Appellate Division, First Department. February 5, 1904.) Action by Elizabeth R. Vlasto against Solon J. Vlasto. L. F. Doyle, for appellant. A. H. Kaffenburgh, for respondent. No opinion. Order modified, by reducing counsel fee to the sum of $150, and, as so modified, affirmed, without costs.

WALLACE, Appellant, v. JONES et al., Respondents. (Supreme Court, Appellate Division, Second Department. March 11, 1904.) Action by George Wallace against Williams H. Jones and others. No opinion. Judgment affirmed, with costs.

WALL v. UNITED ELECTRIC LIGHT & POWER CO. et al. (Supreme Court, Appellate Division, First Department. January 22, 1904.) Action by Francis H. Wall against the United Electric Light & Power Company and George W. Simpson. H. Aplington, for appellants. H. J. Hemmens, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

WARD, Respondent, v. MYERS, Appellant. (Supreme Court, Appellate Division, First Department. January 22, 1904.) Action by Martin J. Ward against Charles R. Myers. G. W. Betts, Jr., for appellant. W. N. O'Neil, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

WARD, Respondent, v. SUPREME COUNCIL, A. L. H., Appellant. (Supreme Court, Appellate Division, Second Department. March 4, 1904.) Action by Sarah Ward against the Supreme Council, American Legion of Honor. No opinion. Judgment affirmed, with costs, on the authority of Simon v. Supreme Council, A. L. H. (decided herewith) 86 N. Y. Supp. 866.

WATKINS et al., Respondents, v. BROWN, Appellant, et al. (Supreme Court, Appellate Division, Second Department. January 29, 1904.) Action by Edward Watkins and others against William M. Brown, impleaded with an-

·other. No opinion. Motion for reargument granted, and case set down for the first day for the hearing of municipal appeals.

WATKINS et al., Respondents, v. BROWN, Appellant. (Supreme Court, Appellate Division, Second Department. March 11, 1904.) Action by Edward Watkins and others against William Brown. No opinion. Judgment of the Municipal Court affirmed by consent, without costs.

WEIDENFELD, Appellant, v. McCLURE, Respondent. (Supreme Court, Appellate Division, Second Department. December 30, 1903.) Action by Camille Weidenfeld against William McClure. Herbert R. Limburger (Edward Lauterbach and Henry L. Scheuerman, on the brief), for appellant. Lewis Cass Ledyard, for respondent.

PER CURIAM. Order reversed, with $10 costs and disbursements, and motion denied, with costs, on the authority of Quinn v. Brooklyn Heights R. Co. (decided Nov. 20, 1903) 84 N. Y. Supp. 738.

JENKS, J. (dissenting). I dissent. This is an appeal from an order changing venue from Nassau county to New York county on a motion based on the convenience of witnesses and the promotion of justice. In Sparks v. United Traction Co., 66 App. Div. 205, 206, 73 N. Y. Supp. 109, the court, per Adams, P. J., said: "The determination of a motion to change the place of trial on the ground of the convenience of witnesses often resolves itself into the exercise of the discretionary power of the Special Term, and, when thus exercised, it should not be disturbed by an appellate tribunal, unless it is made clearly to appear that there has been an abuse of that power. Fitzgerald v. Payn, 78 Hun, 38 [28 N. Y. Supp. 1033]; Payne v. E. Electric Co., 88 Hun, 250 [34 N. Y. Supp. 657]." At all events, our discretion on review should not be exercised as if the motion now came up for a second hearing as of first instance, regardless of the exercise of the discretion by the Special Term. I see no reason for the exercise of our discretion counter to that of the Special Term. I am well aware of the rules laid down in Daley v. Hellman (Sup.) 16 N. Y. Supp. 689, approved in Navratil v. Bohm, 26 App. Div. 460, 50 N. Y. Supp. 225, McCready v. Haight, 22 App. Div. 632, 48 N. Y. Supp. 39, and Tuthill v. Long Island R. R. Co., 75 Hun, 556, 26 N. Y. Supp. 1029. Let us compare the convenience of witnesses. First. There is the plaintiff, who resides in the county of Nassau, but who does business as a stockbroker in the city of New York. In Hedges v. Bemis, 38 App. Div. 349, 56 N. Y. Supp. 566, the court, per Van Brunt, P. J., says: "But where the cause of action has arisen in another county, and the convenience of the witnesses will be promoted by a change of venue to that county, we are not aware of any rule which will permit the inconvenience to the plaintiff to prevent its removal to the proper county." Second. There are the five witnesses named by the plaintiff. Of the five, three reside in Oyster Bay, one at Port Washington, and one at Hempstead. It seems to me that the witnesses

to be primarily considered on either side are those who are in themselves necessary witnesses in the case, and not those for whom, presumably, adequate substitutes are at hand. See Jordan v. Garrison, 6 How. Prac. 6. I think that none of the five is within the description, for the reason that all are described as but witnesses to the character and repute of the plaintiff. It cannot be presumed but that many others of equal standing, who reside in the city where the plaintiff transacts his business, are equally available to testify upon this subject. None of the five, save one, is even a witness in the vicinage of the plaintiff. The hypercritical might suggest that not alone the high standing, but the residential qualifications, of the witnesses, prompted their nomination in the opposing papers. I think, then, that the learned Special Term had a right to conclude, and that we have a right to conclude, that there are practically no witnesses named by the plaintiff whose convenience need be compared by the court with that of the witnesses named by the defendant. This is an action against the secretary of the New York Stock Exchange for libel. The plaintiff, a stockbroker, courted an investigation at the hands of the governing committee of that body, and the defendant, as an official, after a preliminary investigation by the law committee and the governing committee, and at their instance, preferred the charges upon which the hearing was based, and which resulted in the suspension of the plaintiff. All of the proceedings, including the preliminary investigation, the preference of the charges, the hearing, and all other germane matters, were held in the city of New York, where the plaintiff has his place of business, and where the stock exchange is located. It is fairly well settled, in transitory actions, when the even relative convenience of witnesses is open to question, that the county of the occurrence should be preferred as that of the trial. Payne v. Eureka Electric Co., 88 Hun, 250, 34 N. Y. Supp. 657; Osterhout v. Rabe, 39 App. Div. 413, 57 N. Y. Supp. 336; Kubiac v. Clement, 35 App. Div. 186, 54 N. Y. Supp. 773. See, too, Ballston Storage Co. v. Defeo, 67 App. Div. 341, 73 N. Y. Supp. 772; Jacobs v. Davis, 65 App. Div. 144, 72 N. Y. Supp. 558; Thompson v. MacKinnon, 57 App. Div. 329, 67 N. Y. Supp. 1106. And in Browne v. Town of Mount Hope, 73 App. Div. 599, 601, 77 N. Y. Supp. 1, 2, this court, per Willard Bartlett, J., said: "In Kubiac v. Clement, 35 App. Div. 186 [54 N. Y. Supp. 773], it was held that, where a case is evenly balanced as to witnesses, the locality in which the cause of action arose is an important element in the determination of an application to change the venue; and it is still more important in a case like this, where the witnesses of the moving party outnumber those of the other side in the proportion of more than two to one." The learned counsel, in answer to this contention, states in his affidavit: "While the jury would have the right to infer malice from the language of the libelous article which charges the plaintiff with the crime of extortion, I did state, in the affidavit referred to in the defendant's moving papers, that it was my intention to show by the statements of the defendant before the governing committee cir-